UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Witthuhn,

        Plaintiff,

v.
                                           Civil No. 13-680 (JNE/FLN)
                                           ORDER

Nationstar Mortgage, LLC, et al.,

        Defendants.

On January 18, 2013, Nationstar Mortgage, LLC, filed an eviction action in state court against Douglas Witthuhn. On March 22, 2013, the state court issued an order to evict Witthuhn. Three days later, the state court issued a writ of recovery. The state court entered judgment on March 27, 2013.

Witthuhn filed this action in state court on February 25, 2013. He asserted claims under Minn. Stat. § 559.01 and Minn. Stat. § 555.01. He also asserted a claim for slander of title. On March 8, 2013, Witthuhn moved for a temporary restraining order to prevent Defendants from taking any action to dispossess him of certain real property located in Anoka, Minnesota. Five days later, the state court denied Witthuhn's motion for a temporary restraining order. On March 25, 2013, Defendants removed the action from state court. Four days later, Witthuhn moved for a temporary restraining order to prevent Nationstar Mortgage from taking any action to dispossess him of the Anoka property.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2006). "The Act prohibits injunctions interfering with the enforcement of state court judgments." *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035 n.2 (8th Cir. 1999). "It is

1

settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

The temporary restraining order sought by Witthuhn seeks to prevent Nationstar Mortgage from enforcing the state court's judgment in the eviction action.  No exception to the Anti-Injunction Act applies.  The Act prohibits the Court from granting the motion.  *See Badrawi v. Wells Fargo Home Mortg., Inc.*, Civil No. 12-128, 2012 WL 777338, at *1-2 (D. Minn. March 8, 2012); *McCauley v. Ocwen Fed. Bank, FSB*, Civil No. 09-3183, 2010 WL 760438, at *3-4 (D. Minn. Feb. 26, 2010); *Versacold USA, Inc. v. Inland Am. Brooklyn Park Atlas, L.L.C.*, Civil Nos. 09-2669, 09-2587, 2009 WL 3617544, at *2 (D. Minn. Oct. 29, 2009).  The Court therefore denies Witthuhn's motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.      Witthuhn's motion for a temporary restraining order [Docket No. 7] is DENIED.

Dated: April 3, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

2