UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Witthuhn,

    Plaintiff,

v.

Nationstar Mortgage, LLC, Aurora Bank, FSB,
Mortgage Electronic Registration System,
MERSCORP, Inc., and also all other persons
unknown claiming any right, title, estate,
interest, or lien in the real estate described in the
complaint herein,

    Defendants.

Civil No. 13-680 (JNE/AJB)
ORDER

---

William B. Butler, Butler Liberty Law, LLC, appeared for Plaintiff Douglas Witthuhn.

Jared D. Kemper, Dykema Gossett, PLLC, appeared for Defendants Nationstar Mortgage, LLC, Aurora Bank, FSB, Mortgage Electronic Registration System, and MERSCORP, Inc.

---

Asserting numerous deficiencies in the assignment and foreclosure of a mortgage, Douglas Witthuhn brought this action in state court against Nationstar Mortgage, LLC, Aurora Bank, FSB, Mortgage Electronic Registration System, and MERSCORP, Inc. (collectively, Defendants). His complaint contained three counts: (1) quiet title; (2) declaratory relief; and (3) slander of title. After removing the action, Defendants moved to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). In his response to the motion, Witthuhn cited matters outside the pleadings. The Court excludes the matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

In ruling on a motion under Rule 12(b)(6), a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed

1

factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

According to Witthuhn, to state a quiet title claim, he need only allege his possession of real property and a defendant's claim of an adverse interest.  The Court rejects this argument. *See, e.g.*, *Vang v. PNC Mortg., Inc.*, No. 12-2501, 2013 WL 2228756, at *3 (8th Cir. May 22, 2013) (unpublished per curiam); *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1257 (8th Cir. 2013); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013), *petition for cert. filed*, 81 U.S.L.W. 3670 (U.S. Apr. 29, 2013) (No. 12-1303). To the extent Witthuhn based his claims on the assertions that Defendants had no legal right to declare a default and that Defendants cannot prove a default in accordance with Article 3 of the Uniform Commercial Code, the Court rejects the claims because they are based on the discredited show-me-the-note theory. *See Kraus v. CitiMortgage, Inc.*, No. 12-2364, 2013 WL 2462111, at *1 (8th Cir. June 10, 2013) (unpublished per curiam); *Ebbighausen v. JP Morgan Chase Bank, N.A.*, Civil No. 10-3120 (JRT/LIB), 2013 WL 53836, at *8 (D. Minn. Jan. 3, 2013), *appeal docketed*, No. 13-1266 (8th Cir. Feb. 5, 2013). Insofar as Witthuhn based the claims on the allegations that individuals lacked authority to execute documents, the Court rejects the claims as implausible and speculative. *See Karnatcheva*, 704 F.3d at 547-48; *Forseth v. Bank of America, N.A.*, Civil No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013). For the same reasons, the Court rejects Witthuhn's claims to the extent they are based on his assertion that there are unrecorded mortgage assignments. *See Mine v. Fed. Home Loan Mortg. Corp.*, Civil

No. 13-220 (ADM/JSM), 2013 WL 2443852, at *4 (D. Minn. June 5, 2013); *Novak v. JP Morgan Chase Bank, N.A.*, Civil No. 12-589 (DSD/LIB), 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012), *appeal docketed*, No. 12-3235 (8th Cir. Sept. 24, 2012).  Next, Witthuhn asserted that service of the notice of foreclosure did not take place.  To the extent Defendants argued that Witthuhn failed to sufficiently plead that service did not take place, the Court denies Defendants' motion.  *See* Minn. Stat. § 580.03 (2012); *Stein v. Chase Bank USA, N.A.*, Civil No. 10-203 (PJS/JSM), 2011 WL 882088, at *2-3 (D. Minn. Mar. 11, 2011).  Finally, Witthuhn's claim for slander of title is directed at a law firm that is not a party to this action.  To the extent he asserted it against Defendants, the Court dismisses it because he failed to plead that Defendants acted with a reckless disregard for the truth.  *See Dunbar*, 709 F.3d at 1257-58.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion to dismiss [Docket No. 15] is GRANTED IN PART and DENIED IN PART.

2. In accordance with the Administrative Order dated June 19, 2013, all dispositive and non-dispositive motions filed in this case on or after the date of this Order are referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(A)-(C).

Dated: June 20, 2013

        s/Joan N. Ericksen
        JOAN N. ERICKSEN
        United States District Judge