**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Douglas Witthuhn,

        Plaintiff,

v.

Nationstar Mortgage, LLC; Aurora Bank, FSB; Mortgage Electronic Registration System, Inc.; MERSCORP Inc.; and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein;

        Defendants.

Civ. No. 13-680 (JNE/JJK)

**REPORT AND RECOMMENDATION AND ORDER**

Douglas Witthuhn, 15557 Round Lake Blvd. N.W., *pro se*.

Andrew Peters, Esq., and Jared D. Kemper, Esq., Dykema Gossett PLLC, counsel for Defendants.

**INTRODUCTION**

This matter is before this Court on Defendant Nationstar's Motion for Summary Judgment, or, in the Alternative, to Dismiss for Failure to Prosecute (Doc. No. 52). The District Court has referred the motion to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. (Doc. No. 34.) For the reasons stated below, this Court recommends that Defendant's motion be granted in part and denied in part, and Plaintiff's claims be dismissed with prejudice for lack of prosecution.

## BACKGROUND

In February 2013, Plaintiff filed this action in Anoka County District Court. (Doc. No. 1, Attach. 1.)  Thereafter, Defendants removed the action to this Court and Defendant Nationstar Mortgage, LLC ("Nationstar") filed a motion to dismiss. (Doc. Nos. 1, 15.)  On June 20, 2013, United States District Court Judge Joan N. Ericksen granted Nationstar's motion in part, but denied the motion to the extent Plaintiff claimed that he was improperly served with the foreclosure papers. (Doc. No. 34.)

On January 14, 2014, the Court suspended William B. Butler, attorney for Plaintiff, from the practice of law in this District effective December 26, 2013. (Civ. No. 13-mc-49 (MJD) (Doc. No. 10).)  Thereafter, Plaintiff's other counsel of record, Susanne M. Glasser, filed a motion to withdraw as counsel based on the advice she received from the Minnesota Board of Professional Responsibility that her continued representation of Plaintiff may be ethically inappropriate in light of the suspension of William Butler from practice before this Court and in light of her contract relationship with Butler Liberty Law, LLC.  (Doc. No. 43.)  After requiring Glasser to notify Plaintiff of her potential withdrawal and of the status of his case, on March 20, 2014, the Court granted attorney Glasser's motion to withdraw. (Doc. Nos. 45, 49.)  The Clerk's Office has sent a copy of this Order to Plaintiff's last known address twice, and both times it has been returned as undeliverable. (Doc. Nos. 51, 58.)  On April 2, 2014, defense counsel took the deposition of Plaintiff and Plaintiff indicated that he was living with friends for a few days, but

that it was unknown as to where he would be staying after that. (Doc. No. 55, Decl. of Andrew Peters ("Peters Decl.") ¶ 5, Ex. B at 8.) It appears from Plaintiff's deposition that he may be in contact with his daughter, Allison Witthuhn, who, according to Plaintiff, lives at 10571 Quinn Street, Andover, Minnesota. (*Id.* at 8–11.) According to Plaintiff, he received notice of his deposition from her. (*Id.* at 10.)

On May 7, 2014, Defendant Nationstar filed a motion for summary judgment. (Doc. No. 52.) Notice of the hearing was sent by the Clerk's Office to Plaintiff at his last known address, and was also sent to his prior attorneys Butler and Glasser. (Doc. No. 59; *see also* Doc. No. 60.) A hearing was held on the motion on July 7, 2014, at which Plaintiff did not appear. (Doc. No. 61.) On July 7, 2014, the Court issued an Order requiring Plaintiff to show cause by July 23, 2014, why his remaining claim against Defendants should not be dismissed for lack of prosecution and for the reasons identified in Defendant Nationstar's motion for summary judgment. (Doc. No. 62.) The Court warned Plaintiff that if it received no response from Plaintiff by July 23, 2014, "this Court will recommend that the case be dismissed for lack of prosecution." (*Id.*) The Court's Order to Show Cause was sent by the Clerk's Office twice to Plaintiff at his last known address, to his prior attorneys, and to his daughter Allison Witthuhn, and both times it has been returned as undeliverable as to the Witthuhn's and as to attorney Butler. (*Id.*; *see also* Doc. Nos. 63, 64, 65, 66, 67, 68.)

3

As of the date of this Order, there has been no substitution of counsel for Plaintiff in this matter, Plaintiff has not updated his contact information, and Plaintiff has not responded to the Court's Order to Show Cause or Defendant Nationstar's motion for summary judgment.

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that based on the events that have occurred in this case, including Plaintiff's failure to respond to Defendant's summary-judgment motion and failure to comply with this Court's Order, Plaintiff's claims should be dismissed for failure to prosecute.

District of Minnesota Local Rule 7.1, which relates to civil motion practice, states:

> Within 21 days after filing of a dispositive motion and its supporting documents under LR 7.1(c)(1), the responding party *must* file and serve the following documents:
>
> (A) memorandum of law; and
>
> (B) any affidavits and exhibits.

D. Minn. LR 7.1(c)(2) (emphasis added). The Local Rule also provides that the court may take any action that it considers appropriate if a party fails to timely file and serve a memorandum of law. D. Minn. LR 7.1(g)(6). In addition, Federal Rule of Civil Procedure 41(b) states:

4

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to comply with the Court's July 7, 2014 Order, and has failed to respond to Defendant's motion for summary judgment in accordance with the Local Rules. The Court's July 7, 2014 Order notified Plaintiff that failure to comply with the Court's Order would result in this Court recommending dismissal of his claims. Based on Plaintiff's failure to comply with the Court's Order and the Rules, this Court recommends that Plaintiff's claims be dismissed for failure to prosecute. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210–11 (8th Cir. 1973) (affirming dismissal of claims based on party's failure to fully obey the court's order).

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Defendant Nationstar's Motion for Summary Judgment, or, in the Alternative, to Dismiss for Failure to Prosecute (Doc. No. 52), be **GRANTED** to the extent Defendant seeks dismissal for failure to prosecute; and

2. Plaintiff's remaining claim asserted in the Complaint (Doc. No. 1, Attach. 1), be **DISMISSED WITH PREJUDICE**.

5

## ORDER

**IT IS HEREBY ORDERED** that:

1. The Clerk's Office is directed to mail a copy of this Report and Recommendation and Order to Plaintiff's last known address, William Butler, and Susanne Glasser; and

2. The Clerk's Office is directed to mail a copy of this Report and Recommendation and Order to Plaintiff's daughter, Allison Witthuhn, at 10571 Quinn Street, Andover, Minnesota, 55304.

Date: August 8, 2014

                                                 *s/ Jeffrey J. Keyes*
                                                 JEFFREY J. KEYES
                                                 United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 22, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.